E-FILED
Skagit County Clerk
Skagit County, WA
10/4/2021

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR SKAGIT COUNTY

| | |
|---|---|
| STIRLING HORT, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KNUTZEN FARMS, L.P., a Washington limited partnership; and INDUSTRIAL VENTILATION, INC., an Idaho corporation,<br><br>Defendants. | CASE NO. 21-2-00587-29<br><br>COMPLAINT FOR TRESPASS, NUISANCE, STATUTORY WASTE, TIMBER TRESPASS, STRICT LIABILITY, AND NEGLIGENCE |

COMES NOW Plaintiff Stirling Hort, LLC ("Stirling"), by and through its attorneys of record, Wolf & Lee, LLP, and by way of Complaint for Trespass, Nuisance, Statutory Waste, Timber Trespass, Strict Liability, and Negligence, alleges, claims, and prays as follows:

I.     PARTIES & JURISDICTION

1.1     Stirling is a Washington limited liability company and leases a portion of the real property legally described in Exhibit A, which is attached hereto and incorporated by reference, which is located in Skagit County ("Property"). That portion of the Property leased by Stirling comprises that area described as follows:

COMPLAINT FOR TRESPASS, NUISANCE,
STATUTORY WASTE, TIMBER TRESPASS,
STRICT LIABILITY, AND NEGLIGENCE
Page 1 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

"approximately 744 square feet of interior floor area, identified as Suite 1,…. The Premises are a portion of a building (herein referred to as the 'Building') commonly known as 'Building A' and which is located at 15612 Best Road, Mount Vernon, WA 98273…." ("Premises").

1.2     Defendant Knutzen Farms, L.P. is a Washington limited partnership that, based upon knowledge and belief, grows, harvests, and sells potatoes in and around Skagit County, Washington ("Knutzen").

1.3     Defendant Industrial Ventilation, Inc., is an Idaho corporation registered and licensed to do business in the state of Washington ("Industrial").

1.4     This matter concerns damage to and destruction of Stirling's marijuana plants and product that was being grown and processed at the Premises. Venue is proper pursuant to RCW 4.12.020(3), as the subject plants and product were damaged while in the Premises and thereby located in Skagit County, Washington. Venue is separately appropriate based upon the fact that the principal place of business for Knutzen is Skagit County, Washington, and both Defendants transacted business in Skagit County, Washington. RCW 4.12.025(3). This Court has jurisdiction over the Defendants, as Washington is Knutzen's principal place of business, Industrial transacts business in the state of Washington, and both committed a tortious act in the state of Washington. RCW 4.28.185.

II.     FACTS

2.1     Stirling restates and incorporates by reference the allegations contained in paragraphs 1.1 through 1.4 herein.

COMPLAINT FOR TRESPASS, NUISANCE, STATUTORY WASTE, TIMBER TRESPASS, STRICT LIABILITY, AND NEGLIGENCE
Page 2 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

2.2   Stirling has secured the right to grow, process, and sell marijuana pursuant to Marijuana Producer Tier 2 License No. 416060 ("License") issued by the Washington State Liquor and Cannabis Board ("LCB").  The License is attached to and associated with the Property, which is leased by James Easterlin, d.b.a. Stirling Horticulture, pursuant to the May 2016 Building Lease with John and Toni Christianson, a true and correct copy of which is attached hereto and incorporated by reference as Exhibit B.

2.3   In or about 2017, Stirling began to locate seeds and mother plants on the Premises to commence production under the License.  Based upon knowledge and belief, in 2018, Knutzen located harvested potatoes for storage in a separate building on the Property and adjacent to the Premises.

2.4   Based upon knowledge and belief, Knutzen retained Industrial to fumigate the potatoes being stored on the Property.  Industrial conducted such work on or about November 3, 2018, December 7, 2018, and December 8, 2018.

2.5   Based upon knowledge and belief, herbicides were applied for the purpose of controlling sprouts on the potatoes.  The materials were applied in an aerosol state and included IVI CIPC Aerosol, which was applied during the November 3, 2018, and December 8, 2018 applications.  The active ingredient in IVI CIPC is Chlorpropham.  In addition, 1,4ZAP® was applied on December 7, 2018.  Under the label for this product, the active ingredient is also Chlorpropham.

2.6   The storage area where the potatoes were located shared a common wall with an organic certified food cooperative called the Food Hub.  The Food Hub's

COMPLAINT FOR TRESPASS, NUISANCE, STATUTORY WASTE, TIMBER TRESPASS, STRICT LIABILITY, AND NEGLIGENCE
Page 3 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

space is at the end of the building and directly across a parking area from the Premises.

2.7 On or about December 10, 2018, the Food Hub experienced significant infiltration of the herbicides applied to the Knutzen potatoes through the common wall. The Food Hub immediately opened all of the doors and windows in the space and ran fans to remove the chemicals.

2.8 On April 3, 2019, the LCB conducted an inspection of Stirling's facility and took three samples from the grow rooms and one from the drying room for testing. The test results all identified the presence of Chlorpropham in amounts exceeding the state action levels. Based upon these test results, the LCB took possession and destroyed all of Stirling's plants, seeds, and product located at the Premises. The destroyed product included 49.5 kg of dried product, of which 70 percent was grade A bud, and 30 percent was grade B bud; 965 plants at 680.385 grams of bud per plant, of which 70 percent was grade A bud, and 30 percent was grade B bud; and plant byproduct for the 965 plants .35 per gram.

2.9 Based upon knowledge and belief, Stirling's products were contaminated by the herbicides applied to Knutzen's potatoes when they were ventilated out of the Food Hub and then penetrated the Premises. Such caused Stirling's plants and products to have Chlorpropham at amounts exceeding state levels, and correspondingly caused the LCB to take and destroy all of Stirling's product and plants.

COMPLAINT FOR TRESPASS, NUISANCE, STATUTORY WASTE, TIMBER TRESPASS, STRICT LIABILITY, AND NEGLIGENCE
Page 4 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

2.10   Release of the herbicides was caused by the failure of Defendants to adequately seal the Knutzen storage room. Based on knowledge and belief, the storage room should have been completely sealed off and self-contained to prevent the herbicides from being released into the environment. Defendants knew or should have reasonably known that the herbicides should not have been released into the environment, and that such release could cause damages to other agricultural plants.

2.11   At all material times, Knutzen participated, authorized, and/or directed the actions of Industrial, or caused, knew, or sanctioned the actions of Industrial.

### III.   FIRST CAUSE OF ACTION - TRESPASS

3.1   Stirling restates and incorporates by reference paragraphs 1.1 through 2.11 herein.

3.2   Under Bradley v. American Smelting and Refining Co., 104 Wn.2d 677, 709 P.2d 782 (1985), to recover under a trespass theory based on the deposit of airborne particulates into Stirling's Premises and onto its plants and products:

> a plaintiff must show: 1) an invasion affecting an interest in the exclusive possession of his property; 2) an intentional doing of the act which results in the invasion; 3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and (4) substantial damages to the res.

Id. at 691. The intent element requires "a volitional act undertaken with the knowledge and substantial certainty that reasonably to be expected consequences would follow." Id. at 683.

3.3   Defendants, and/or persons for whom Defendants are vicariously liable, have unlawfully invaded Stirling's interest in its exclusive possession of the Premises

COMPLAINT FOR TRESPASS, NUISANCE, STATUTORY WASTE, TIMBER TRESPASS, STRICT LIABILITY, AND NEGLIGENCE
Page 5 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

by depositing herbicides into Stirling's Premises and onto its plants and products, all without permission, authority, or right.  Such acts were intentional and undertaken with the knowledge and substantial certainty that the chemicals would escape the storage space and drift into the Premises, and with a reasonable foreseeability that such acts would disturb Stirling's possessory interests.  Such acts have caused substantial damage to and continue to infect the Premises, marijuana plants and product, the effects of which are ongoing and continuing in nature.  Stirling has suffered, and will continue to suffer, damages from such trespass in an amount to be determined by the trier of fact herein.

3.4   Defendants' actions and trespasses have caused, and will continue to cause, Stirling to suffer actual and substantial harm, and damages in an amount to be determined by the trier of fact herein.

### IV.   SECOND CAUSE OF ACTION – NUISANCE

4.1   Stirling restates and incorporates by reference paragraphs 1.1 through 3.4 herein.

4.2   Defendants, and/or persons for whom Defendants are vicariously liable, intentionally applied herbicides to the potatoes located in the storage area in such a manner that caused the herbicides to invade the Premises.  Such acts have unreasonably interfered with Stirling's use and enjoyment of the Premises and constitute a nuisance under RCW 7.48.010 and <u>Riblet v. Ideal Cement Co.</u>, 57 Wn.2d 619, 358 P.2d 975 (1961).  Defendants' application of herbicides in a manner that caused it to drift into the Premises was unreasonable.  Such acts have damaged

COMPLAINT FOR TRESPASS, NUISANCE, STATUTORY WASTE, TIMBER TRESPASS, STRICT LIABILITY, AND NEGLIGENCE
Page 6 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

Stirling's marijuana plants and product, and substantially interfered with Stirling's use and enjoyment of the Premises and the injured plants, and Stirling's ability to farm product in the Premises.

4.3  Defendants' actions and nuisances have caused, and will continue to cause, Stirling to suffer actual and substantial harm and damages in an amount to be determined by the trier of fact herein.

## V. THIRD CAUSE OF ACTION – TIMBER TRESPASS UNDER RCW 64.12.030

5.1  Stirling restates and incorporates by reference paragraphs 1.1 through 4.3 herein.

5.2  Defendants, and/or persons for whom Defendants are vicariously liable, have injured trees, timber, and/or shrubs on the Premises without lawful authority. Such actions by Defendants were "willful" and were not casual or involuntary.

5.3  Stirling is entitled to recover all damages caused by Defendants, and/or persons for whom Defendant are vicariously liable, for timber trespass under RCW 64.12.030, in an amount to be determined by the trier of fact herein, and further entitled to have all such damages trebled based upon the willful acts of Defendants, all which were not casual or involuntary.

## VI. FOURTH CAUSE OF ACTION – STRICT LIABILITY

6.1  Stirling restates and incorporates by reference paragraphs 1.1 through 5.3 herein.

6.2  Defendants' application of herbicides is an abnormally dangerous activity subject to strict liability under Langan v. Valicopters, Inc., 88 Wn.2d 855, 567 P.2d 218

COMPLAINT FOR TRESPASS, NUISANCE, STATUTORY WASTE, TIMBER TRESPASS, STRICT LIABILITY, AND NEGLIGENCE
Page 7 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

(1977). In determining whether an act is "abnormally dangerous" for purposes of strict liability, the following factors are considered:

    (a) Whether the activity involves a high degree of risk of some harm to the person, land or chattels of others;

    (b) Whether the gravity of the harm which may result from it is likely to be great;

    (c) Whether the risk cannot be eliminated by the exercise of reasonable care;

    (d) Whether the activity is not a matter of common usage;

    (e) Whether the activity is inappropriate to the place where it is carried on; and

    (f) The value of the activity to the community.

Id. at 861.

    6.3    Defendants' application of herbicides to the unsealed storage room adjacent to the Premises and other agricultural activities involves a high degree of risk of injury to, inter alia, Stirling, and its marijuana plants and product located in the Premises. The gravity of harm which would result from the drift of herbicides into Stirling's Premises is likely to be great, as the chemicals applied by Defendants were toxic to marijuana plants and product. The risk of drift or contamination of Stirling's marijuana plants and product cannot be eliminated by the exercise of reasonable care. The application of the herbicides in the manner and of the type used by Defendants is not a matter of common usage in the community. The application of herbicides toxic to agricultural products, including marijuana plants and products, is inappropriate in a storage facility that is not completely sealed. The social value of applying herbicides

COMPLAINT FOR TRESPASS, NUISANCE,
STATUTORY WASTE, TIMBER TRESPASS,
STRICT LIABILITY, AND NEGLIGENCE
Page 8 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

to control sprouts to a private inventory of potatoes is outweighed by the risk of harm to other agricultural products, including Stirling's marijuana plants and products. Defendants are strictly liable for damages proximately caused by the applications of herbicides.

6.4   Defendants' applications of herbicides was the proximate cause of damage to Stirling, including, but not limited to, injury to Stirling's marijuana plants and product.

6.5   Defendants' actions have caused, and will continue to cause, Stirling to suffer actual and substantial harm and damages in an amount to be determined by the trier of fact herein.

### VII.   FIFTH CAUSE OF ACTION – NEGLIGENCE

7.1   Stirling restates and incorporates by reference paragraphs 1.1 through 6.5 herein.

7.2   7 U.S.C. § 136j(2)(G) of the Federal Insecticide and Environmental Pesticide Control Act declares that it is unlawful "to use any registered pesticide in a manner inconsistent with its labeling."

7.3   RCW 15.58.150(2)(c) of the Washington Pesticide Control Act provides that: "It shall be unlawful:...[f]or any person to use or cause to be used any pesticide contrary to label directions or to regulations of the director if those regulations differ from or further restrict the label directions...."

7.4   RCW 17.21.150(4) declares that it is a violation of the Washington Pesticide Application Act to "[o]perate[] in a faulty, careless, or negligent manner."

COMPLAINT FOR TRESPASS, NUISANCE,
STATUTORY WASTE, TIMBER TRESPASS,
STRICT LIABILITY, AND NEGLIGENCE
Page 9 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

7.5   WAC 16-228-1220(5) provides that: "No person shall apply pesticides if weather conditions are such that physical drift or volatilization may cause damage to adjacent land, humans, desirable plants or animals."

7.6   WAC 16–228–1220(2) provides that: "No person shall transport, handle, store, load, apply, or dispose of any pesticide, pesticide container or apparatus in such a manner as to pollute water supplies or waterways, or cause damage or injury to land, humans, desirable plants and animals, or wildlife."

7.7   At all material times hereto, Defendants owed Stirling a duty to use reasonable and ordinary care in applying herbicides on the potatoes, including, but not limited to, those duties imposed by statutes and regulations, and also in a manner to avoid injury to Stirling's marijuana plants and products. Defendants breached this duty by, inter alia, applying pesticides against labeling instructions and in weather conditions conducive to drift, and/or in a manner that resulted in drift into Stirling's Premises, and by failing to comply with applicable laws and regulations. Defendants' breaches were the proximate cause of damage to Stirling's property. Such actions and inactions by Defendant constitute negligence.

7.8   Chlorpropham, which is toxic or prohibited to marijuana plants and products, would not ordinarily be found in marijuana plant tissue in the absence of negligence. At all material times hereto, herbicides containing Chlorpropham were applied by Defendants to a storage area within the exclusive control of Defendants. In no way did Stirling contribute to the occurrence of Chlorpropham on the marijuana plants or products. Such actions and/or inactions by Defendants entitle Stirling to an

COMPLAINT FOR TRESPASS, NUISANCE, STATUTORY WASTE, TIMBER TRESPASS, STRICT LIABILITY, AND NEGLIGENCE
Page 10 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058

inference of negligence under the doctrine of res ipsa loquitur and constitute negligence.

7.9    Defendants' negligence has caused Stirling to suffer actual and substantial harm and damages in an amount to be determined by the trier of fact herein.

WHEREFORE, having stated claims for relief, Stirling prays as follows:

1.    for judgment against Defendants, jointly and severally, in the amount of all damages found by the trier of fact herein;

2.    for judgment trebling all damages found by the trier of fact herein;

3.    for an award of Stirling's attorneys' fees and costs against Defendants as allowed by statute, contract, law, or equity; and

4.    for such other relief as the Court deems just and proper.

DATED this 28th day of September, 2021.

_____
Mark J. Lee, WSBA #19339
Haylee J. Hurst, WSBA #51406
Elizabeth Slattery, WSBA #56349
Wolf & Lee, LLP
Attorneys for Plaintiff Stirling Hort, LLC

COMPLAINT FOR TRESPASS, NUISANCE, STATUTORY WASTE, TIMBER TRESPASS, STRICT LIABILITY, AND NEGLIGENCE
Page 11 of 11

WOLF & LEE, LLP
230 E. Champion Street
Bellingham, WA 98225
Ph: (360) 676-0306/Fax: (360) 676-8058