THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STIRLING HORT, LLC, | CASE NO. C22-1155-JCC |
| Plaintiff, | ORDER |
| v. | |
| INDUSTRIAL VENTILATION, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to abstain and remand (Dkt. No. 28) and Defendant's motion to dismiss (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion and DENIES Defendant's motion for the reasons explained herein.

I.   BACKGROUND[1]

Plaintiff is a Washington based company that grows and sells marijuana. (Dkt. No. 1-1 at 1, 3.) Defendant is an Idaho corporation registered to do business in Washington. (*Id.* at 2.) In 2018, Defendant was hired to fumigate harvested potatoes at a property adjacent to Plaintiff's facility. (*Id.* at 3.) Plaintiff alleges that, after Defendant applied an airborne substance to the potatoes, the substance found its way onto Plaintiff's facility and its marijuana plants. (*Id.* at 3–

---

[1] Unless otherwise indicated, the facts contained herein are based on allegations contained in Plaintiff's complaint (Dkt. No. 1-1).

4.) A subsequent inspection by the Washington State Liquor and Cannabis Board ("LCB") determined that the plants contained an amount of chlorpropham higher than that allowed by state regulations. (*Id.*) It seized all of Plaintiff's marijuana plants. (*Id.*)

Plaintiff filed suit with the Skagit County Superior Court alleging trespass, nuisance, timber trespass, strict liability, and negligence.[2] (Dkt. No. 1-1.) Defendant then removed the case to this Court. (Dkt. No. 1.) Plaintiff asks the Court to abstain and remand the case back to state court (Dkt. No. 28). Defendant moves to dismiss the complaint. (Dkt. No. 25.)

**II. DISCUSSION**

Plaintiff asks the Court to abstain and remand the case to state court. (Dkt. No. 28.) Defendant cursorily argues that a remand would be untimely under 28 U.S.C. § 1447(c). (Dkt. No. 33 at 3.) But § 1447(c) does not apply to abstention-based remand. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996). Turning to the merits of the abstention issue, the Court notes that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976).

However, *Burford* abstention may be appropriate in cases where "the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.* at 814 (citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)); *see also Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 847 (9th Cir. 2005) ("*Burford* abstention is designed to limit federal interference with the development of state policy. It is justified where the issues sought to be adjudicated in federal court are primarily questions regarding that state's laws.") (internal citations omitted).

In determining whether to apply *Burford* abstention, the Ninth Circuit has indicated that

---

[2] Plaintiff initially included Knutzen Farms, LP, the company that hired Defendant to perform the fumigation, as a defendant. (*See* Dkt. No. 1-1.) However, Plaintiff and Knutzen Farm reached a settlement and Knutzen was subsequently dismissed from the case. (Dkt. No. 1 at 19–20.)

this Court should consider a number of factors, including "(1) that the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 671 (9th Cir. 2004) (citing *Tucker v. First Maryland Sav. & Loan*, 942 F.2d 1401, 1405 (9th Cir. 1991)). But as the Supreme Court has made clear, application of *Burford* should not be a formulaic test. *See Quackenbush*, 517 U.S. at 727–28. The Court must carefully balance federal interests against the state's interest in maintaining uniformity over essentially local problems and local control over policy problems of substantial public import. *Id.*

In arguing for abstention, Plaintiff primarily relies on *Left Coast Ventures Inc. v. Bill's Nursery Inc.,* 2019 WL 6683518 (W.D. Wash. 2019). (Dkt. No. 28 at 5–6.) That case involves a contract dispute over the rights to a license to distribute medical marijuana. *Left Coast*, 2019 WL 6683518, slip op. at 1. The state law at issue, granting a license to dispense cannabis, was in direct conflict with the Federal Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq. *Id.* at 3. As a result, the court found abstention appropriate, concluding that the policy objectives of *Burford*, namely to limit federal interference with the development of state policy, were largely met. *Id.* It emphasized the court's acceptance of the illegality defense could have adverse consequences on the state regulated cannabis industry by making federal jurisdiction operate as an absolute defense to private contract claims. *Id.* Other courts, have applied similar logic. *See, e.g.*, *Peridot Tree, Inc. v. City of Sacramento*, 2022 WL 10629241 (E.D. Cal. 2022) (abstaining and acknowledging federal court's application of the illegality doctrine could have significant impact on state cannabis regulatory scheme); *Gopal v. Luther*, 2022 WL 504983 (E.D. Cal. 2022) (same).

While perhaps more attenuated than in *Left Coast*, this case presents a similar dilemma. Washington has enacted a comprehensive regulatory scheme to manage the production,

processing, and retail sale of cannabis in Washington. *See, e.g.*, RCW 69.50.302, 69.50.342. These regulations are in direct conflict with the CSA. Here, Defendant would have the Court dismiss this case based on the illegality defense. (*See generally* Dkt. No. 25.) However, as in *Left Coast*, doing so could impact the state regulatory scheme regarding the production and sale of cannabis products. If, in response to a tort-based cause of action brought by a regulated cannabis business, a defendant could simply remove the case to federal court and plead an illegality defense, this would preclude relief for many regulated businesses who suffer legal harms. Such a categorical bar would clearly disrupt Washington's efforts to establish a coherent marijuana regulation regime. Moreover, here, there are no federal issues, other than Defendant's proferred one, at play in this case.

Accordingly, this Court FINDS that federal intervention in this case would directly conflict with the state's ability to exert control over policy issues of substantial public concern. Rather than create such a federal conflict with state policy, the Court concludes it is appropriate to abstain and to remand the case. Given the findings above, the Court need not consider the merits of Defendant's motion to dismiss.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to abstain and to remand (Dkt. No. 28) is GRANTED and Defendant's motion to dismiss (Dkt. No. 25) is DENIED without prejudice as moot. This case is REMANDED to the Skagit County Superior Court for further proceedings.

DATED this 7th day of June 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE